[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This is a limited contested action for dissolution of marriage brought and tried before the Judicial District of New Haven. The evidence presented shows that the parties were married in the state of Connecticut on October 8, 1982. That there are four children issue of this marriage, to wit: Torrie J. DeRisi born January 23, 1985, Amanda B. DeRisi born May 7, 1988, David J. DeRisi, Jr. born November 2, 1990 and Alexander S. DeRisi born November 28, 1992. The other factual allegations of the complaint are found to have been proven and true. The marriage of the parties is found to have broken down irretrievably, and the marriage is hereby ordered dissolved.
The parties are essentially in agreement with respect to matters of custody and visitation. The Court has considered the provisions of Connecticut General Statutes Sections 46b-56 as well as the proposed orders of the parties. The court awards joint legal custody of the minor children. The children shall reside primarily with the defendant, Sheila DeRisi. The plaintiff, David DeRisi shall enjoy visitation on alternate CT Page 6377 weekends from Friday at 5:00 p.m. to Sunday at 5:00 p.m. In addition, he shall enjoy visitation during the week each Wednesday from 5:00 p.m. to 7:30 p.m.
In addition to the above, the holidays and special days shall be allocated as follows: the wife shall have the children for Easter Sunday, the husband shall have the children for the Saturday before Easter. The parties shall share the Thanksgiving Holiday by dividing the day from 12:00 p.m. to 4:00 p.m. and then 4:00 p.m. to 8:00 p.m. During this year, the plaintiff shall have the period from noon to 4:00 p.m. and the defendant the later period, to be alternated in each subsequent year. The defendant mother shall have the children on Christmas Eve. Christmas Day shall be divided in the same manner as Thanksgiving, with the plaintiff having the earlier period again in the first year. During the children's school vacation each year each party shall enjoy two non-consecutive weeks with 30 days advance notice. The husband shall enjoy visitation with his children on his birthday and on each Father's day. The wife shall enjoy visitation with the children on her birthday and each Mother's day.
To the extent that the specific holiday and/or other dates conflict with the regular weekend visitation, the holidays and special days shall supersede the weekend visitation.
The plaintiff, David DeRisi, will provide medical insurance for the benefit of the minor children as available to him as a condition of his employment or through his employment at a reasonable cost. Unreimbursed and/or uninsured medical expenses shall be divided between the parties in accordance with the child support guidelines.
The husband is to maintain life insurance for the benefit of the minor children in a minimum amount of $100,000.00. That life insurance policy will name the children as beneficiaries and the defendant wife as trustee. Said policy shall be kept in effect until such time as his child support obligation shall end. The defendant wife shall be entitled to claim Torrie and David as dependents for purpose of her Federal Income Tax Exemption. The plaintiff husband shall be entitled to claim Amanda and Alexander as exemption for that purpose.
With respect to the other issues presented, the Court has considered the provisions of Sections 46b-40, 46b-62, 46b-81, and 46b-82 of the Statutes, and enters the following orders:
The plaintiff is to pay the liabilities listed on his financial affidavit owed to Discover and Sears. The defendant wife is to pay those liabilities listed on her financial affidavit owed to M/C Merchant Bank CT Page 6378 and First USA.
The plaintiff husband shall convey one half of the value of his pension as of May, 9, 2000 to the defendant wife by means of a Qualified Domestic Relations Order.
The plaintiff husband is to pay the sum of $100.00 per week as alimony to the defendant wife. Said alimony shall terminate upon the death of either party, the remarriage or cohabitation, as defined by statute, of the defendant wife, or May 9, 2010, whichever shall occur first.
The plaintiff shall quit claim all his right title and interest in the real estate known as 6 Greyledge Road, Clinton, Connecticut. The defendant wife shall be responsible for any and all debts and obligations related to said real estate, and shall hold the plaintiff harmless thereon.
The plaintiff husband shall pay child support in accordance with the child support guidelines in the amount of $265.00 per week.
Except as noted above, the parties shall each retain the personal property listed on each of their respective financial affidavits free and clear from any claim of the other. To the extent that the respective automobiles may have loans, the parties are to pay said loans according to their tenor, and hold the other harmless thereon.
The parties are ordered to cooperate in placing the jointly owned camper for sale. The proceeds realized from the sale, shall be applied to the balance of the loan securing that camper (Webster Bank equity line). The parties shall divide equally any proceeds over and above the amount of the loan, or share equally in any shortfall resulting from the sale of the camper.
Each party shall be responsible for their own attorneys fees.
Financial orders as to child support and alimony are to be paid by means of an immediate wage withholding.
Robaina, J.